UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

R. SHANE FORREST,

                Plaintiff,

    v.                                                      Index No.: 1:23-cv-00557

CLOVER GROUP, INC.,
CLOVER MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT WEST CORP.,
THE CARLYLE GROUP,
CARLYLE CLOVER PARTNERS, L.P.,
CARLYLE CLOVER PARTNERS 2, L.P.,
CLOVER COMMUNITIES FUND I, L.P.,
CLOVER COMMUNITIES FUND II, L.P.,
CLOVER COMMUNITIES FUND III, L.P.,
CLOVER COMMUNITIES FUND IV, L.P.,
CLOVER COMMUNITIES FUND V, L.P.,
CLOVER COMMUNITIES FUND V, LLC,
MICHAEL L. JOSEPH,
ALLISON H. JOSEPH PENDLETON,
RICHARD A. GREENSPAN, and
ROBERT D. JACK,

                Defendants.

---

## **ANSWER**

      Defendant Richard A. Greenspan through his attorneys, Lipsitz Green Scime Cambria LLP, for his Answer to the Plaintiff's Complaint, states:

1. As to the allegations contained in paragraph 1, states that it contains only a statement as to the alleged nature of plaintiffs' action to which no answer is required. To the extent an answer is required, denies the allegations contained in this paragraph.

2. Denies the allegations contained in paragraph 2.

3. Denies information sufficient to form a belief as to the allegations contained in paragraph 3, but admits he believes plaintiff was employed by Clover Construction Management West Corp. for a period of time.

4. Denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5, but admits that Clover Management Inc.'s principal office is located at 348 Harris Hill Road, Buffalo, New York 14221.

6. Denies the allegations contained in paragraph 6, but admits that Clover Construction Management, Inc. is a domestic business corporation organized and existing under the laws of the State of New York with headquarters at 348 Harris Hill Road, Buffalo, New York 14221.

7. Denies the allegations contained in paragraph 7, but admits that Clover Construction Management West Corp. is a foreign business corporation with a principal office located at 348 Harris Hill Road, Buffalo, New York 14221.

8. Denies the allegations contained in paragraph 8, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding The Carlyle Group's organization, headquarters, or ownership of other entities.

9. Denies the allegations contained in paragraph 9, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners, L.P.'s organization or headquarters.

10. Denies the allegations contained in paragraph 10, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners 2, L.P.'s organization or headquarters.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14, but admits that Clover Communities Fund IV, L.P. is a limited partnership organized and existing under the laws of the State of Delaware.

15. Denies the allegations contained in paragraph 15, but admits that Clover Communities Fund V, L.P. is a limited partnership organized and existing under the laws of the State of Delaware.

16. Denies the allegations contained in paragraph 16, but admits that Clover Communities Fund V, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

17. Denies the allegations contained in paragraph 17, but admits he believes Michael Joseph resides in West Palm Beach, Florida.

18. Denies the allegations contained in paragraph 18, but admits he believes Allison Joseph Pendleton resides in Buffalo, New York.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20, but admits he believes Robert Jack resides in Renfrew, Pennsylvania and was Plaintiff's direct supervisor.

21. With respect to the allegations contained in paragraph 21, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations and Plaintiff is left to his proof.

22. With respect to the allegations contained in paragraph 22, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies having knowledge or information sufficient to form a belief as to the truth of whether all Defendants have and continue to conduct business in the Western District of New York.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 32, but admits he believes Plaintiff started work on September 20, 2021 and reported to David P. Archibald until his death, and then to Robert Jack.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41, but denies having knowledge or information sufficient to form a belief as to the conversations Plaintiff claims he had with Archibald.

42. Denies the allegations contained in paragraph 42, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's understanding.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Archibald's thoughts or Plaintiff's claimed conversation with Archibald.

46. Denies the allegations contained in paragraph 46, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's claimed conversation with Archibald.

47. Denies the allegations contained in paragraph 47, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Archibald's intentions.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's actions.

51. Denies the allegations contained in paragraph 51, but admits Archibald died on June 22, 2022.

52. Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 52.

53. Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 53.

54. Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 54.

55. Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 66, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's claimed conversation with Archibald.

61. Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's actions.

63. Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66, but admits Plaintiff's employment ended on December 5, 2022.

67. Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 67.

## FIRST CLAIM FOR RELIEF
**Retaliation in Violation of the Fair Housing Act**

68. With regard to paragraph 68, repeats his prior responses to paragraphs 1 through 67 with the same force and effect as if herein set forth in full.

69. Denies the allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of the New York Human Rights Law

75. With regard to paragraph 75, repeats his prior responses to paragraphs 1 through 74 with the same force and effect as if herein set forth in full.

76. Denies the allegations contained in paragraph 76.

77. Denies the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78.

79. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83.

## THIRD CLAIM FOR RELIEF
### Discrimination

84. Denies the allegations contained in paragraph 84.

85. Denies the allegations contained in paragraph 85.

86. Denies the allegations contained in paragraph 86.

87. Denies the allegations contained in paragraph 87.

## REQUEST FOR ATTORNEY AND EXPERT FEES AND COSTS

88. With respect to the allegations contained in paragraph 88, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

## DEMAND FOR TRIAL BY JURY

89.     With respect to the allegations contained in paragraph 89, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

## DENIAL

90.     Defendant denies any allegations not specifically admitted, denied, or controverted herein.

## DEFENSES

91.     By asserting a defense, Defendant is not assuming any evidentiary burden of proof or production that he would otherwise not have. Defendant reserves the right to assert further defenses as additional facts become known through the course of litigation.

## FIRST DEFENSE

92.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

93.     At all pertinent times, Defendant acted in compliance with all applicable laws, regulations, and statutes.

## THIRD DEFENSE

94.     Plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

95. Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

## FIFTH DEFENSE

96. Plaintiff's claims for relief are barred because Plaintiff is not an employee of Defendant and Defendant did not terminate Plaintiff.

## SIXTH DEFENSE

97. Plaintiff is precluded from recovering against Defendant because his Complaint is based on errors of fact and/or law.

## SEVENTH DEFENSE

98. If Plaintiff is able to demonstrate that he has been damaged, such damages are the result of actions or omissions of persons or entities other than Defendant for whom and for which Defendant is not responsible.

## EIGHTH DEFENSE

99. The Defendant's alleged actions, if any, were privileged, discretionary determinations made within the scope of his duties, such that he is absolutely or otherwise immune from suit or liability.

## NINTH DEFENSE

100. The Defendant acted in the reasonable belief that his actions were in accordance with the U.S. Constitution and all other applicable law such that he enjoys immunity from suit and liability.

### TENTH DEFENSE

101. Any action taken toward the plaintiff was taken in good faith and without malice or animus.

### ELEVENTH DEFENSE

102. Any action taken towards the Plaintiff was taken for legitimate nondiscriminatory and non-retaliatory business reasons, and was in proper exercise of management discretion and judgment.

### TWELFTH DEFENSE

103. Defendant does not condone or approve of unlawful discrimination, harassment, or retaliation and did not engage in or ratify any acts of unlawful discrimination, harassment, or retaliation.

### THIRTEENTH DEFENSE

104. Plaintiff's damages, if any, were caused by his own failure to take reasonable actions to avoid or mitigate his alleged damages.

### FOURTEENTH DEFENSE

105. Plaintiff lacks standing, among other reasons, because he alleges no harm that is individual or particular to him.

### FIFTEENTH DEFENSE

106. Plaintiff's claims present no justiciable claim, among other reasons, because any alleged injuries to the Plaintiff are speculative and remote.

### SIXTEENTH DEFENSE

107. Defendant did not engage in ratify, condone, or approve of any unlawful acts alleged in the Complaint.

### SEVENTEENTH DEFENSE

108. Any unconstitutional policy, practice, or custom alleged in the Complaint is not attributable to Defendant.

### EIGHTEENTH DEFENSE

109. The Court lacks personal jurisdiction over Defendant.

### NINETEENTH DEFENSE

110. Plaintiff's claims are barred by his failure to obtain personal jurisdiction based on insufficient and/or improper service of process on Defendant.

### TWENTIETH DEFENSE

111. The Court lacks subject matter jurisdiction over Plaintiff's claims.

### TWENTY-FIRST DEFENSE

112. Venue is not proper in United States District Court, Western District of New York.

### TWENTY-SECOND DEFENSE

113. The Complaint fails to name indispensable or necessary parties.

### TWENTY-THIRD DEFENSE

114. Defendant is not a proper party to this action.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order dismissing the Complaint, with prejudice, and an award of all appropriate fees and costs to Defendant, together with such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
August 9, 2023

                                      **LIPSITZ GREEN SCIME CAMBRIA LLP**

                              By: s/Joseph J. Manna
                                  Joseph J. Manna, Esq.
                                  *Attorneys for Richard A. Greenspan*
                                  42 Delaware Avenue, Suite 120
                                  Buffalo, New York 14202
                                  (716) 849-1333
                                  jmanna@lglaw.com

TO:    **ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS**
        *Attorneys for Plaintiff*
        Nathan D. McMurray, Esq.
        225 Broadway, Suite 225
        New York, New York 10007
        (212) 285-1400