

**Alexandria N. Rowen**
Associate
Direct Dial: 716.848.1759
arowen@hodgsonruss.com

August 9, 2023

**Via Overnight and Hand Delivery**

Mary C. Loewenguth, Esq.
Clerk of the Court
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Dear Ms. Loewenguth:

> Re: *Peter C. Rizzo v. Clover Group, Inc., et al.*;
> **No. 1:23-cv-00406**
>
> *R. Shane Forrest v. Clover Group, Inc., et al.*;
> **No. 1:23-cv-00557**

      We represent defendants Clover Group, Inc., Clover Management, Inc., Clover Construction Management, Inc., Clover Construction Management West Corp., Clover Communities Fund I, L.P., Clover Communities Fund II, L.P., Clover Communities Fund III, L.P., Clover Communities Fund IV, L.P., Clover Communities Fund V, L.P., Clover Communities Fund V, LLC, Michael L. Joseph, Allison H. Joseph Pendleton, Robert D. Jack, and Emily Brady in the above matters.

      Pursuant to Local Rule 5.1(e), "(e)ach attorney appearing in a civil case has a continuing duty to notify the Clerk promptly when the attorney has reason to believe that said case is related to some other pending civil or criminal action(s) such that its assignment to the same Judge would avoid unnecessary duplication of judicial effort."  Here, the above cases are obviously related.  They allege the same three causes of actions, are based on substantially the same alleged conduct, allege the same violations of law during substantially the same time frame, and all the claims are against two groups of defendants who are largely the same.  *Cf. Rizzo v. Clover Group,* No. 1:23-cv-00406, Dkt. 1 and *Forrest v. Clover Group, Inc.*, No. 1:23-cv-00557, Dkt. 1.  Indeed, all seventeen of the defendants in *Forrest* are also named among *Rizzo*'s twenty-two defendants and the allegations are all substantially the same.  The same attorney represents the plaintiffs in each matter.  Accordingly, the assignment of these two cases to the same judge will avoid unnecessary duplication of judicial efforts.

      Notwithstanding Local Rule 5.1(e)'s clear directive, to our knowledge, plaintiffs' attorney, Nathan D. McMurray, did not bring the related nature of these two cases to the Court's attention.  Accordingly, we do so now so that the Court may consider assigning them to the same judge and thus avoid unnecessary duplication of its efforts.  We note that all of the individual defendants (other than Mr. Jack who resides in Pennsylvania) reside in the Buffalo area.  We also

Mary C. Loewenguth, Esq.
August 8, 2023
Page 2



note that preponderance of the entity defendants that are New York residents or have administrative operations here are all in the Buffalo area.

    Thank you for your consideration.

                                    Respectfully submitted,

                                    Alexandria N. Rowen

cc:    All counsel of record (via ECF)

100421.00000 Business 24107841v2